UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
In re

|  |  |
|---|---|
| JOSE CORDERO dba JASPER GROCERY #4, dba JASPER GROCERY #5, | Chapter 7 |
|  | Case No. 04-41602 (REG) |
| Debtor. |  |

-------------------------------------------------------------------------------X
MEDALLION FINANCIAL CORP.,

|  |  |
|---|---|
| Plaintiff, |  |
|  | AMENDED |
| -against- | COMPLAINT OBJECTING |
| JOSE CORDERO dba JASPER GROCERY #4, dba JASPER GROCERY #5, | TO DISCHARGE |
|  | Adv. Proc. No. 04-04266 (REG) |
| Defendant. |  |

-------------------------------------------------------------------------------X

Plaintiff and Creditor, Medallion Financial Corp. ("Plaintiff"), by its attorney, complaining

of Defendant and Debtor, Jose Cordero dba Jasper Grodery #4, dba Jasper Grocery #5

("Defendant"), alleges as follows:

1. Plaintiff is a domestic corporation, with a place of business at 437 Madison Avenue, New

York, New York 10022.

2. Defendant is a natural person residing, upon information and belief, at 345 Cipress

Avenue, Apt. 2G, Bronx, NY 10454.

3. On or about May 28, 2004, Defendant commenced a bankruptcy case in this Court by

filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code which case

was assigned chapter 7 case number 04-41602.

4. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334.

5. This adversary proceeding arises under 11 U.S.C. § 727(a)(2), § 727(a)(7), and §

523(a)(4), and is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

6.  This adversary proceeding is properly venued in this Court under 28 U.S.C. § 1409.

### AS AND FOR A FIRST OBJECTION TO DISCHARGE

7.  On or about February 14, 2000, Plaintiff sold and conveyed to Defendant all of its right, title and interest in and to the assets and lease of a certain grocery business located at 662 East 141st Street, Bronx, New York for the price of $74,666.06 ("purchase price").

8.   The Defendant agreed to pay the purchase price, with interest at the rate of 11% per annum, in 184 consecutive weekly installments of principal and interest, commencing February 21, 2000. The first 52 weekly installments were to be in the amount of $350.00 each, the next 52 in the amount of $500.00 each, and the next 80 weekly installments in the amount of $600.00 each.

9.  The Defendant executed a promissory note (the "Note") encompassing the payment obligations set forth in paragraph 7 hereof.

10.  The Defendant secured his obligations under the Note by executing a written agreement the ("Security Agreement") under which he granted the Plaintiff a purchase money security interest in the purchased assets, and a security in such other chattels as he may thereafter acquire in connection with his business at 662 East 141st Street, Bronx, New York (collectively, the "Collateral"). The Plaintiff perfected its security interests by filing financing statements with the proper offices.

11.  The Defendant further secured his obligations under the Note by executing an Affidavit of Confession of Judgment (the "Confession").

12.  The Defendant defaulted under the Note and under the Security Agreement by failing to make payments due under the Note.

13.  On or about June 19, 2001, judgment was entered in Supreme Court of the State of New

York, County of Bronx, in favor of the Plaintiff and against the Defendant upon the Plaintiff's filing

of the Confession.

14.  On a date not known to the Plaintiff, but believed to be within one year prior to the

Defendant's filing of his Chapter 7 Petition in this bankruptcy case, the Defendant conveyed all of

the Collateral to one Aura Abreu without notice to the Plaintiff.

15.  Upon information and belief, Aura Abreu is the son-in-law of the Debtor.

16.  Upon information and belief, the Defendant conveyed the Collateral to Aura Abreu at

a time when the Debtor was insolvent, or Defendant was rendered insolvent by the conveyance.

17.  Upon information and belief, the Defendant conveyed the Collateral to Aura Abreu

without receiving adequate consideration.

18.  Upon information and belief, the Defendant conveyed the Collateral to Aura Abreu

hinder, delay, frustrate and defraud his creditors, including the Plaintiff and the Chapter 7 trustee

in this bankruptcy case.

19.  By reason of the aforesaid conduct, the Defendant should be denied a discharge under

28 U.S.C. § 727(a)(2).

### AS AND FOR A SECOND OBJECTION TO DISCHARGE

20.  Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 18.

21.  By reason of the aforesaid conduct, the Defendant should be denied a discharge under

28 U.S.C. § 727(a)(7).

### AS AND FOR A THIRD OBJECTION TO DISCHARGE

22.  Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 18.

23.  By reason of the aforesaid conduct, the Defendant should be denied a discharge with

respect to Defendant's debt to Plaintiff under 28 U.S.C. § 523(a)(4).

WHEREFORE, Plaintiff respectfully requests judgment denying Defendant a discharge under 28 U.S.C. § 727(a)(2) and § 727(a)(7), denying Defendant a discharge with respect to Defendant's debt to Plaintiff under 28 U.S.C. § 523(a)(4), and granting Plaintiff the costs and disbursements of this proceeding, and such other relief as may be appropriate.

Dated: November 5, 2004

/s/_____
David Gordon, Esq. (DG0121)
Attorney for Plaintiff
200 East Post Road - L1
White Plains, NY 10601
(914) 683-0462